UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANK LASH, JR. and
ROBYN W. LASH

    Plaintiffs,

v.

JAGUAR CREDIT CORPORATION,
a Delaware corporation,

    Defendant.
_____/

CASE NO.:_____

COMPLAINT FOR
UNLAWFUL DEBT
COLLECTION PRACTICES

JURY TRIAL DEMANDED

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES

**COMES NOW** Plaintiffs, Frank Lash, Jr. and Robyn W. Lash, by and through the undersigned law firm, and sues Defendant, Jaguar Credit Corporation, a Delaware corporation, and alleges, upon Plaintiffs' knowledge and upon information and belief as to all other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiffs brings this action pursuant to 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (the "FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 28 U.S.C. § 1367.

3. Venue is proper in this District because the acts, transactions and occurrences giving rise to this cause of action occurred here, and the Defendants transact business here.

## PARTIES

4.     Plaintiffs, Frank Lash, Jr. and Robyn W. Lash ("Plaintiffs" or the "Lashes"), are natural persons who are residents of the City of Newport News, Commonwealth of Virginia, and are "consumers" as that term is defined by 15 U.S.C. §1692a(3). They are an 88 and 82 year old elderly, semi-retired couple who have been married for over 50 years.

5.     Defendant, Jaguar Credit Corporation, ("Jaguar" or "Defendant"), is a Delaware corporation doing business in the City of Tampa, County of Hillsborough, State of Florida and is a "debt collector" as that term is defined by 15 U.S.C §1692a(6).

6.     All conduct of Defendant alleged herein by Plaintiffs was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant and Defendant knew in advance that the representatives were likely to so conduct themselves and allowed to so act with conscious disregard of the rights and safety of others. The conduct alleged herein was knowing, intentional, despicable, fraudulent, oppressive, and done with malice.

7.     At all times mentioned herein, the agent or employee of Defendant was acting within the course and scope of such agency or employment and was acting with the consent, permission, authorization, and direction of Defendant.

## CLASS REPRESENTATION ALLEGATIONS

8.     Plaintiffs brings this action as a class action, pursuant to Federal Rule of Civil Procedure 23, on their own behalf and on behalf of all other similarly-situated consumers, who have been subjected to Defendant's unlawful debt collection practices, including (1) continuing to attempt to collect a debt after being informed of the representation of counsel; (2) continuing to contact alleged debtors directly after being informed by counsel to contact counsel, and not to

contact alleged debtors directly; and (3) maintaining a policy to continue contacting debtors even after being informed that the debtors are represented by counsel (the "Consumer Class").

*Numerosity*

9. The class is so numerous that joinder of all members is impracticable. Plaintiffs estimate the Consumer Class has approximately 10,000 members.

*Commonality*

10. There are questions of law and fact which are common to the Consumer Class and which predominate over questions affecting any individual Consumer Class member.

11. Specifically, these common questions of law and fact include, without limitation: (a) whether Defendant violated the provisions of the FDCPA, including without limitation, 15 U.S.C. § 1692c(a)(2).; (b) whether Plaintiffs and the Consumer Class have sustained damages and are entitled to damages as a result of Defendant's violations of the FDCPA and, if so, what is the appropriate measure of those damages; and (c) whether Plaintiffs and the Consumer Class have been injured by Defendant's violations of the FDCPA.

*Typicality*

12. Plaintiffs' claims are typical of the claims of the Consumer Class, and Plaintiffs have no interest adverse or antagonistic to the interests of other members of the Consumer Class.

*Adequacy of Class Representation*

13. Plaintiffs will fairly and adequately protect the interests of the Consumer Class and has retained experienced counsel, competent in the prosecution of class action litigation.

*Predominance of Common Questions*

14. The common questions set forth in paragraph 11 predominate over any individual issues.

*Superiority of Class Resolution Over Piecemeal Individual Claims*

15. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiffs anticipate that no unusual difficulties are likely to be encountered in the management of this class action.

16. A class action will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.

17. Class treatment will also permit the adjudication of relatively small claims by many Consumer Class members who could not otherwise afford to seek legal redress for the Defendants' violations of the FDCPA.

18. The prosecution of separate claims or defenses by or against individual members of the class would create a risk of either (1) inconsistent or varying adjudications concerning individual members of the class which would establish incompatible standards of conduct for the party opposing the class; (2) adjudications concerning individual members of the class which would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the adjudications, or substantially impair or impede the ability of other members of the class who are not parties to the adjudications to protect their interests; or (3) questions of law or fact common to the claim or defense or representative party and the claim or defense of each member of the class predominate over any question of law or fact affecting only individual members of the class, and class representation is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Absent a class action, the Consumer Class members will continue to have their statutorily-protected rights violated and will continue to suffer monetary damages.

20.     Defendants' actions are generally applicable to the entire Consumer Class and accordingly, the relief sought is appropriate with respect to the entire Consumer Class.

## FACTUAL ALLEGATIONS

21.     Plaintiffs obtained a consumer lease for the purchase of a Jaguar automobile from Jaguar of Tampa in Tampa, Florida. The consumer lease's account number ends -9389 (the "Alleged Debt").

22.     Upon information and belief, Defendant Jaguar Credit acted as a debt collector for creditor CAB East, LLC ("CAB East") with respect to the Alleged Debt.

23.     On or about February 20, 2010, Defendant telephoned Plaintiffs to collect the Alleged Debt. At that time, Plaintiffs informed Defendant that they were represented by an attorney with respect to the Alleged Debt, and that Defendant must contact counsel instead of Plaintiffs directly.

24.     Nevertheless, Defendant stated it would, and then continued to, telephone Plaintiffs directly to collect the Alleged Debt, rather than telephoning counsel.

25.     On February 26, 2010, counsel for Plaintiffs telephoned Defendant and informed Defendant that Plaintiffs were represented by an attorney with respect to the Alleged Debt. Plaintiffs' counsel informed Defendant not to contact Plaintiffs directly, but rather to contact Plaintiffs' counsel regarding the Alleged Debt.

26.     During that telephone call, Plaintiffs' counsel attempted to provide Defendant with his contact information, but Defendant refused to accept that information and hung up on Plaintiffs' counsel.

27.     On February 27, 2010, Defendant again contacted Plaintiffs by telephone, rather than contacting Plaintiffs' counsel as directed. During that call, Plaintiffs again informed

Defendant that they were represented by counsel, provided counsel's contact information, and instructed Defendant to contact counsel directly rather than Plaintiffs.

28. On March 1, 2010, Plaintiffs' counsel contacted Defendant again by telephone, and Defendant told Plaintiffs' counsel that Defendant maintains a policy requiring a written letter sent to Defendant to inform it that a debtor is represented by counsel in order to stop collection calls (the "Violating Policy").

29. On March 1, 2010, Plaintiffs sent Defendant a letter, a copy of which is attached as **Exhibit "A"**.

30. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

31. The Alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

## COUNT I

### VIOLATION OF THE FDCPA, 15 U.S.C. § 1692 *et seq.* AS TO DEFENDANT JAGUAR CREDIT CORPORATION.

32. This is an action against Defendant for violations of the FDCPA, 15 U.S.C. § 1692 *et seq*.

33. Plaintiffs re-allege and incorporates paragraphs one (1) through thirty-one (31) as if fully set forth herein.

34. 15 U.S.C. § 1692c(a)(2) provides, in pertinent part, as follows:

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt--

> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer

35. Defendant violated 15 U.S.C. § 1692c(a)(2) when: (1) Defendant was told that Plaintiffs had retained counsel with respect to the Alleged Debt; (2) Plaintiffs told Defendant to cease its direct collection efforts with Plaintiffs and communicate with counsel only; (3) Plaintiffs' counsel instructed Defendant both by telephone and in writing to cease its direct collection efforts with Plaintiffs and to contact counsel instead; and (4) Defendant stated it would, and then continued to, telephone Plaintiffs directly despite knowing that Plaintiffs were represented by counsel. Further, Defendant maintained the Violating Policy to continue contacting debtors, despite being orally informed that debtors are represented by counsel, where Defendant was not provided with written confirmation of the attorney representation. All of the above is communication by Defendant where Defendant knows the consumer is represented by an attorney with respect to the Alleged Debt and has knowledge of, or can readily ascertain, such attorney's name and address.

36. 15 U.S.C. §1692d provides, in pertinent parts, as follows:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section…

37. Defendant violated 15 U.S.C. § 1692d when: (1) Defendant was told that Plaintiffs had retained counsel with respect to the Alleged Debt; (2) Plaintiffs told Defendant to cease its direct collection efforts with Plaintiffs and communicate with counsel only; (3) Plaintiffs' counsel instructed Defendant both by telephone and in writing to cease its direct collection efforts with Plaintiffs and to contact counsel instead; and (4) Defendant stated it would, and then continued to, telephone Plaintiffs directly despite knowing that Plaintiffs were represented by counsel. Further, Defendant maintained the Violating Policy to continue contacting debtors, despite being orally informed that debtors are represented by counsel, where

Defendant was not provided with written confirmation of the attorney representation. All of the above is Defendant engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiffs in connection with the Alleged Debt.

38. 15 U.S.C. § 1692e(2)(A) provides, in pertinent part, as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section
>
> > (2) The false representation of—
> > (A) the character, amount or legal status of any debt;

39. Defendant violated 15 U.S.C. § 1692e(2)(A) when: (1) Defendant was told that Plaintiffs had retained counsel with respect to the Alleged Debt; (2) Plaintiffs told Defendant to cease its direct collection efforts with Plaintiffs and communicate with counsel only; (3) Plaintiffs' counsel instructed Defendant both by telephone and in writing to cease its direct collection efforts with Plaintiffs and to contact counsel instead; and (4) Defendant stated it would, and then continued to, telephone Plaintiffs directly despite knowing that Plaintiffs were represented by counsel. Further, Defendant maintained the Violating Policy to continue contacting debtors, representing that the Violating Policy was lawful despite being orally informed that debtors were represented by counsel, where Defendant was not provided with written confirmation of the attorney representation. All of the above is Defendant's false representation of the character, amount or legal status of the Alleged Debt as one that can be collected in violation of the FDCPA.

40. 15 U.S.C. § 1692e(5) provides, in pertinent part, as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section
>
> > (5) The threat to take any action that cannot legally be take or that is not intended to be taken.

41. Defendant violated 15 U.S.C. § 1692e(5) when: (1) Defendant was told that Plaintiffs had retained counsel with respect to the Alleged Debt; (2) Plaintiffs told Defendant to cease its direct collection efforts with Plaintiffs and communicate with counsel only; (3) Plaintiffs' counsel instructed Defendant both by telephone and in writing to cease its direct collection efforts with Plaintiffs and to contact counsel instead; and (4) Defendant stated it would, and then continued to, telephone Plaintiffs directly despite knowing that Plaintiffs were represented by counsel. Defendant, through the Violating Policy, threatened to and did continue to contact debtors, despite being orally informed that debtors were represented by counsel, which is a threat by Defendant to Plaintiffs to take action to continue to attempt to collect the Alleged Debt by the Violating Policy, which is an action that cannot legally be taken.

42. 15 U.S.C. § 1692e(10) provides, in pertinent part, as follows:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

43. Defendant violated 15 U.S.C. § 1692e(10) when: (1) Defendant was told that Plaintiffs had retained counsel with respect to the Alleged Debt; (2) Plaintiffs told Defendant to cease its direct collection efforts with Plaintiffs and communicate with counsel only; (3) Plaintiffs' counsel instructed Defendant both by telephone and in writing to cease its direct collection efforts with Plaintiffs and to contact counsel instead; and (4) Defendant stated it would, and then continued to, telephone Plaintiffs directly despite knowing that Plaintiffs were represented by counsel. Defendant, through the Violating Policy, threatened to and did continue to contact debtors, despite being orally informed that debtors were represented by counsel, where Defendant was not provided with written confirmation of the attorney representation. All of the

above is Defendant's use of a false representation of the law, or deceptive means, to collect or attempt to collect the Alleged Debt.

44. 15 U.S.C. § 1692f provides, in pertinent part, as follows:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

45. Defendant violated 15 U.S.C. § 1692f when: (1) Defendant was told that Plaintiffs had retained counsel with respect to the Alleged Debt; (2) Plaintiffs told Defendant to cease its direct collection efforts with Plaintiffs and communicate with counsel only; (3) Plaintiffs' counsel instructed Defendant both by telephone and in writing to cease its direct collection efforts with Plaintiffs and to contact counsel instead; and (4) Defendant stated it would, and then continued to, telephone Plaintiffs directly despite knowing that Plaintiffs were represented by counsel. Further, Defendant maintained the Violating Policy to continue contacting debtors, despite being orally informed that debtors are represented by counsel, where Defendant was not provided with written confirmation of the attorney representation. All of the above is Defendant using unfair or unconscionable means to collect or attempt to collect the Alleged Debt.

46. All conditions precedent to the maintenance of this action, have been performed, have occurred, or have been waived.

47. As a result of Defendant's violations of the FDCPA, Plaintiffs have been damaged and is entitled to: (a) actual damages pursuant to 15 U.S.C. §1692k(a)(1); (b) statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) and (B); and, (3) reasonable attorneys' fees and costs pursuant to 15 U.S.C. §1692k(a)(3).

**WHEREFORE**, Plaintiffs respectfully requests this Court to enter a judgment against Defendant in their favor, finding that Defendant has violated the FDCPA; awarding Plaintiffs

their actual damages, statutory damages, attorneys' fees and cost, together with any and all such further relief as is deemed necessary or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs are entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7 and Fed.R.Civ.P. 38.

Dated: September 27, 2010

                            Respectfully Submitted,

**LASH & WILCOX PL**
4006 S. MacDill Ave.
Tampa, Florida 33611
Phone: (813) 832-3100
Facsimile: (813) 832-5205
Counsel for Plaintiffs

/s/ Thomas A. Lash
**THOMAS A. LASH, ESQ.**
Florida Bar No. 849944
Email: tlash@lashandwilcox.com
Attorney for Plaintiffs

And

**KYNES, MARKMAN & FELMAN, P.A.**
100 S. Ashley Dr., Suite 1300
Tampa, FL 33602
Phone: (813) 229-1118
Facsimile: (813) 221-6750
Counsel for Plaintiffs

/s/ Katherine Earle Yanes
**KATHERINE EARLE YANES, ESQ.**
Florida Bar No. 0159717
Email: kyanes@kmf-law.com
Attorney for Plaintiffs