UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANK LASH, JR., and
ROBYN W. LASH,

    Plaintiffs,

v.                                    CASE NO: 8:10-cv-2141-T_26TGW

JAGUAR CREDIT CORPORATION,

    Defendant.
_____/

**O R D E R**

    Pending before the Court is Defendant's motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as well as its alternative motion for summary judgment under Rule 56 of those same rules. Plaintiffs have filed a response to those motions. After carefully considering the well-pleaded allegations of Plaintiffs' class action complaint accusing Defendant of unlawful debt collection activities in violation of the federal Fair Debt Collection Practices Act (the FDCPA), 15 U.S.C. § 1692 *et seq.*, the Court concludes that Plaintiffs' allegations in their complaint are more than sufficient to raise a right to relief above the speculative level and to state a plausible claim for relief in accord with the FDCPA. See Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1037, 1949, 173 L.Ed.2d 868 (2009); Atlantic Corp. v. Twombly, 550 U.S. 544, 561-62, 570, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007).

The Court also concludes that Plaintiffs should be allowed an opportunity to engage in discovery before having to mount a challenge to any motion for summary judgment or motion attacking their class action allegations.

In arriving at these conclusions, the Court agrees with Plaintiffs' contention that Defendant is asking this Court to consider factual assertions beyond the four corners of the complaint with regard to the critical issue of whether Defendant qualifies and acted as a "debt collector" under the FDCPA, an undertaking which Eleventh Circuit precedent expressly forbids. See Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984) (stating that "[c]onsideration of matters beyond the complaint is improper in the context of a motion to dismiss [under Rule 12(b)(6)] . . ."); accord Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1347 n.5 (11th Cir. 1999) (noting that "when considering a motion to dismiss for failure to state a claim, we may look only to the facts alleged in the complaint and not beyond.") (citing Milburn 734 F.2d at 765).

The Court also agrees with Plaintiffs' argument that they should be afforded an opportunity to engage in discovery before being put to the test of having to defend against a motion for summary judgment claiming that Defendant is a "creditor" as opposed to a "debt collector" under the FDCPA. See Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 859 F.2d 865, 870 (11th Cir. 1988) (observing that "[t]his court has often noted that summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery.") (citations omitted).[1] Finally, the Court agrees that Defendant's

---

[1] The Court notes that this case is just over two months old, and the Court has yet to enter a case management scheduling order authorizing the commencement of discovery.

challenge to the class action allegations are likewise premature.  As they correctly point out, the law of the Eleventh Circuit is that "a certain amount of discovery is essential in order to determine the class action issue and the proper scope of a class action."  <u>Pittman v. E.I. duPont de Nemours & Co.</u>, 552 F.2d 149, 150 (5th Cir. 1977).[2]

Accordingly, Defendant's Motion to Dismiss and/or in the Alternative, Motion for Summary Judgment (Dkt. 9) is denied.  Defendant shall file its answer and defenses to Plaintiffs' complaint within ten (10) days of this order.

**DONE AND ORDERED** at Tampa, Florida, on November 30, 2010.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[2]  In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.